STATE ex rel. BOARD OF EDUCATION OF INDEPENDENT SCHOOL DIST. NO. 19, WAGONER COUNTY, et al. v. STATE BOARD OF EDUCATION et al.

No. 35317. March 10, 1953.

Rehearing Denied April 28, 1953.

*256 P. 2d 446.*

Mastin Geschwind, Oklahoma City, for plaintiffs in error.

Mac. Q. Williamson, Atty. Gen. and J. H. Johnson, Asst. Atty. Gen., for defendants in error.

WELCH, J. Plaintiffs sought peremptory writ of mandamus to compel the defendants to make a reapportionment and a further disbursement of State Aid funds to the respective school districts for the certain fiscal year involved.

There is no dispute as to the facts. The pleadings and evidence direct attention to certain legislative enactments which are mentioned below.

Citations of Oklahoma statutes will be made from O. S. Supp. 1949, since all of the statutory provisions involved in this case do not appear in O. S. 1951.

Section 7 of the Flood Control Act of Congress, approved August 18, 1941, 33 U.S.C.A. Cum. Supp. §701c-3, as amended, provides:

"75 per centum of all moneys received and deposited in the Treasury of the United States during any fiscal year on account of the leasing of lands acquired by the United States for flood-control purposes shall be paid at the end of such year by the Secretary of the Treasury to the State in which such property is situated, to be expended as the State Legislature may prescribe for the benefit of public schools and public roads of the county, or counties, in which such property is situated. * * *"

62 O. S. Supp. 1949 §204 provides.

"The State Treasurer of Oklahoma is hereby authorized and required to distribute moneys now in his hands, or hereafter received by him under the provisions of Section 7 of the Flood Control Act of Congress, approved August 18, 1941, in the following manner:

"Such moneys shall be distributed by the State Treasurer at the end of each fiscal year to counties wherein is located a Federal flood control project, and one-half (½) of such moneys shall be distributed by the State Treasurer to the County Treasurer of such county to be by the County Treasurer apportioned to the public schools of the county upon an enumeration basis; * * * "

In 70 O. S. Supp. 1949 art. 18 §18.1 et seq., there is set forth a method and manner of apportionment and disbursement of funds from appropriations made by the Legislature for the purpose of extending "State Aid" to the operation of the public schools. It is provided that the State Board of Education shall apportion and disburse said funds to the several school districts as each school district may be qualified under the provisions of the Article.

70 O. S. Supp. 1949 §18.4 provides that the amount of money for which a school district may qualify, under said art. 18, shall be determined by subtracting the amount of its "Minimum Program Income" from the costs of its "Minimum Program." In subdivisions 1 and 2 of §18.4, the terms "Minimum Program" and "Minimum Program Income" are defined. In definition of "Minimum Program Income" the statute mentions specific items of income of a school district, and provides:

"i. And all other revenue which can legally be estimated by the County Excise Board, as now provided by law or which shall hereafter be provided by law, except surplus cash and taxes in process of collection, tuition fees from pupils or their parents or guardians, State assistance and reimbursements for special programs, Federal grants of aid and reimbursements."

On hearing it was shown that the plaintiffs school districts are so situated as to qualify for and have heretofore received funds in source from the Federal Government under provisions of the Act of Congress, and §204, supra. For convenience such revenues of a school district will hereinafter be referred to as "Flood Control Rentals."

It was shown that the said school districts each, for the fiscal year here involved, were apportioned "State Aid" in an amount, respectively, as was determined by the subtraction of its "Minimum Program Income" from the cost of its "Minimum Program" with its respective estimated revenues from "Flood Control Rentals" included in the computation as an item of its minimum program income. The said plaintiff districts, each within the fiscal year, made written demand on the defendant State Board of Education, and the defendant Director of Finance of said Board, for an additional or further apportionment of State Aid, on the basis of a determination under the aforesaid computation with its estimated revenue from "Flood Control Rental" not included as a part of its "Minimum Program Income." The demands were refused and on the day before the close of the fiscal year the plaintiffs filed the instant action to compel such reapportionment and disbursement.

On the day set for hearing the defendants filed response and answer to the plaintiffs' pleadings and to the alternative writ of mandamus which had been issued on the plaintiffs' motion and affidavit. The defendants in their said pleading, in substance, stated that the defendant Board and its Finance Director had computed State Aid due each plaintiff for the fiscal year, with the amounts such district received during the preceding fiscal year from "Flood Control Rentals" considered as an item of "Minimum Program Income;" that such was in accord with applicable statutory provisions, and the construction placed upon the involved statutes by the said officials in years past, and that said plaintiff school districts have in years past acquiesced in said administrative construction and are guilty of laches in waiting until the time when this action was filed to assert a contrary construction; that judgment for the plaintiff would result in serious public consequences.

The principal issue in trial, and in this appeal, is determined by whether or not an item of estimated revenue from "Flood Control Rentals" may properly be considered as an item of "Minimum Program Income" in the calculation of a school district's apportionment of State Aid.

The statute, 70 O. S. Supp. 1949 §18.4, supra, which defines "Minimum Program Income" of a school district specifically excepts "Federal grants of aid and reimbursements."

When a statute is unambiguous and couched in plain language, the words will be interpreted in their ordinary sense and as they are usually understood. First Nat. Bank v. Mills, 134 Okla. 186, 272 P. 840.

The phrase "Federal grants of aid and reimbursements" as used in the statute in a reference to the income of a school district clearly means all federal grants of money provided by law as income to a school district and whether the purpose of such grants is to extend aid or help or to serve as a reimbursement in the sense of a refunding or restoration. Accordingly, revenues from "Flood Control Rentals" received or to be received by a school district pursuant to the Act of Congress and §204, supra, which provides for a transfer of federal funds to the benefit of public schools, and ultimately to a school district, are under the statute, §18.4, excepted from the definition of "Minimum Program Income" and under said §18.4 such revenues are not to be considered in the calculation of State Aid.

Within the purview of the statutes, supra, and the undisputed evidence, the plaintiffs school districts are entitled each, to an apportionment of additional State Aid. There is no question that in the enforcement of such right mandamus is an appropriate remedy.

Laches, in legal significance, is not merely delay, but delay that works a disadvantage to another. O'Neal v. Vose, 193 Okla. 451, 145 P. 2d 411. Herein, the facts that the plaintiffs in prior

years made no claims for additional apportionments of State Aid on a basis of the then improper apportionments, and that plaintiffs commenced this action late in the fiscal year, afford no basis for refusal of the remedy of mandamus on the ground of laches. We do not find sufficient basis for the defendants' contention that judgment for the plaintiffs will result in serious public consequences.

The judgment in favor of defendants, and for discharge of the alternative writ of mandamus herein, is reversed, with directions that judgment be entered for the plaintiffs in accord with the views herein expressed.

JOHNSON, V.C.J., and CORN, ARNOLD, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur.