STATE of Oklahoma ex rel., jointly and severally, the BOARDS OF EDUCATION OF INDEPENDENT SCHOOL DISTRICTS NO. I-2 and NO. I-3 OF MARSHALL COUNTY, Oklahoma, et al., Plaintiffs in Error,

v.

The STATE BOARD OF EDUCATION of State of Oklahoma et al., Defendants in Error.

No. 36376.

Supreme Court of Oklahoma.

Oct. 11, 1955.

Rehearing Denied Nov. 8, 1955.

Howell & Stinchecum, By C. D. Stinche-
cum, Oklahoma City, James C. Hamill, Ma-
dill, for plaintiffs in error.

Mac Q. Williamson, Atty. Gen., J. H.
Johnson, Asst. Atty. Gen., for defendants
in error.

JACKSON, Justice.

From an adverse judgment wherein
plaintiffs sought a peremptory writ of man-
damus against the State Board of Educa-
tion and its Finance Director, plaintiffs ap-
peal. The parties will be referred to as
they appeared in the trial court.

This case arises out of the administration
of the Minimum School Program as set
forth in 70 O.S.1951 § 18–4 et seq.

Plaintiffs are school districts located in
counties where Federal Flood Control dis-
tricts are located. For several years these

districts have shared in funds returned by the Federal Government to this state under the provisions of Section 7 of the Flood Control Act of Congress, approved August 18, 1941, as amended, and as set forth in 33 U.S.C.A. § 701c–3, and as provided by 62 O.S.1951 § 204. These funds will be referred to herein as "Flood Control Rentals."

The defendants included these Flood Control Rentals as "Minimum Program Income" of the various plaintiff school districts under terms of 70 O.S.1951 § 18–4, Subdivision 2, par. i, which provides as follows:

"And all other revenue, including the amounts required by law to be charged and collected for tuition of nonresident and nontransferred pupils, which can legally be estimated by the county excise board, as now provided by law, or which shall hereafter be provided by law, except surplus cash and taxes in the process of collection, State Aid for Special Educational Program and Federal reimbursements for approved vocational programs."

Apportionment of State Aid to the plaintiffs under the "Minimum School Program" was thus reduced by the exact amount of Flood Control Rentals so included. Plaintiffs contend that this was improper and have brought this action for a peremptory writ of mandamus in an effort to obtain a reapportionment of State Aid Funds for the fiscal years ending June 30, 1952, and June 30, 1953.

It is first contended by plaintiffs that these "Flood Control Rentals" under both State and Federal statutory provisions are excepted from "Minimum Program Income." We do not agree.

The statute as enacted in 1949 did except "Federal grants of aid and reimbursements" from "Minimum Program Income" and this court in State ex rel. Board of Education of Independent School Dist. No. 19, Wagoner County v. State Board of Education, 208 Okl. 390, 256 P.2d 446, 448, held that " 'Flood Control Rentals' " were " 'Federal grants of aid and reimbursements' " and as such were excepted.

It is also observed that this statute was again amended by the Legislature in 1953, O.S.L.1953, page 384, § 28, to except "Federal grants for flood control rental, forest rentals and submarginal lands" from "Minimum Program Income." But the statute in force applicable to the years involved here makes no provision for excepting "Federal grants of aid and reimbursements" or Federal grants for "Flood Control Rentals" from Minimum Program Income. It only excepts from "Minimum Program Income" surplus cash and taxes in process of collection, State Aid for Special Educational Program and Federal reimbursements for approved vocational programs. There is no ambiguity in the statute under consideration and we, therefore, hold that "Flood Control Rentals" for the years ending June 30, 1952 and June 30, 1953, were properly included as "Minimum Program Income".

It is argued by plaintiffs that to reduce State Aid to these districts by the amount of Flood Control Rentals they receive is in violation of the Flood Control Act of Congress because it has the effect of depriving these school districts of the benefits thereof. In other words, they point out that if the school districts are to lose an amount of State Aid equal to the receipts from "Flood Control Rentals" they gain nothing by receiving Flood Control Rentals.

But we do not construe the Federal Statute as attempting to control the method by which this State apportions its own funds appropriated for Equalization Aid to its schools. There is, therefore, no violation of the Federal Statute.

Plaintiffs next insist that the statute provides for including in Minimum Program Income only "revenue which can be legally estimated", and that the revenue from Flood Control Rentals is so unpredictable from year to year that it cannot be legally estimated, citing Excise Board of Stephens County v. Chicago, R. I. & P. R. Co., 168 Okl. 523, 34 P.2d 268, 272.

The record shows that the receipts going to the school districts from this source have fluctuated up and down over a five-

656

year period which includes the two years involved here, and that the amount received in any one year is not accurately indicative of the amount which will be received for the following year.

In Excise Board of Stephens County v. Chicago, R. I. & P. R. Co., supra, the town of Comanche, in Stephens County, obtained a judgment during the fiscal year 1932–33 from which it collected $625.00. In estimating its probable income for the fiscal year 1933–34, it estimated that it would receive a similar sum as probable income from the same source during that year. The evidence introduced before the Court of Tax Review showed that there was no reasonable probability of the municipality realizing on this source of estimated income. In excluding this item from estimated income this court, in the body of the opinion, said:

> "The statute (section 12674, O.S.1931 [68 O.S.1951 § 286]) only authorizes the municipal authorities to set up items of 'probable income.' This asserted income was not probable. It was not contemplated by section 12674, supra, that municipalities set up as estimated income from sources other than ad valorem taxes items of anticipated revenue which there is no reasonable probability of receiving."

In the case now before us the evidence shows that there is every reasonable probability that the plaintiff school districts would receive some substantial amount of Flood Control Rentals for each of the years involved. Therefore, under the provisions of 70 O.S.1951 § 18–4, subdivision 2, par. i, and 68 O.S.1951 § 286, supra, it was necessary to include probable income as "revenue * * * which can legally be estimated."

What was the reasonable probable income to be anticipated from Flood Control Rentals for the years in question? The record does not give us this answer. Plaintiffs complain that the defendant, State Board, arbitrarily fixed the amount at 90% of the amounts received for the preceding year without taking into consideration the variable and unpredictable factors which affected materially the amount which a school district might probably receive or be expected to receive, concluding in their argument that the estimates were not legally made, even if it were possible to make legal estimates in such case.

Assuming that an estimate of 90% is an arbitrary estimate, it does not necessarily follow that it will reach an arbitrary result, and we cannot so hold in the absence of proof.

The record does not show any method by which a more accurate estimate could have been made, or what the result would have been if some different and acceptable method for making the estimate had been employed. The record indicates that the receipts from Flood Control Rentals for any year are as likely to exceed the receipts for the preceding year as to fall below.

We are unable to require of defendants a reapportionment and order further disbursement of State Aid funds without proof of the amount that should be disbursed.

Plaintiffs also complain of error of the trial court in refusing to admit certain testimony offered by plaintiffs.

In the trial court the defendants introduced evidence to show that the plaintiffs, Boards of Education, had included in their estimated income for each of the years involved, 90% of the amount of "Flood Control Rentals" for the previous year, just as had been done by the State Board of Education.

The plaintiffs offered evidence to explain that such estimates were made in order that the districts could thereby increase their appropriation of funds since the districts were in desperate need. The trial court rejected this testimony.

We find no error in the exclusion of this testimony. Such testimony, if admitted, would not assist the court to determine the amount of probable income from "Flood Control Rentals", nor would the inclusion of such an estimate by the local board relieve the State Board of Education of its duty to estimate only such an amount as probably would be received.

The judgment of the trial court is affirmed.

WILLIAMS, V. C. J., and WELCH, CORN, HALLEY and BLACKBIRD, JJ., concur.