STATE of Oklahoma ex rel. jointly and severally, The BOARD OF EDUCATION OF INDEPENDENT SCHOOL DISTRICT NO. 17 (COWETA) OF WAGONER COUNTY, et al., Plaintiffs in Error,

v.

The STATE BOARD OF EDUCATION of the State of Oklahoma et al., Defendants in Error.

No. 36622.

Supreme Court of Oklahoma.

Oct. 25, 1955.

Rehearing Denied Nov. 29, 1955.

Application for Leave to File Second Petition for Rehearing Denied March 20, 1956.

Mastin Geschwind, Oklahoma City, for plaintiffs in error.

Mac Q. Williamson, Atty. Gen., J. H. Johnson, Asst. Atty. Gen., for defendants in error.

JACKSON, Justice.

Plaintiff school districts brought this action in mandamus to compel the State Board of Education and its Financial Director,

Roy H. Emans, to make a reapportionment and further distribution of State Equalization Aid funds to the respective school districts for the fiscal year ending June 30, 1953.

Some of the school districts joined as plaintiffs in this action are in Wagoner County, some are in Le Flore County and one is in Osage County, in all of which are located Federal Flood Control projects, and all the school districts involved herein share in funds returned to the State by the Federal Government under provisions of Section 7 of the Flood Control Act of Congress as set forth in 33 U.S.C.A. § 701c–3, and as provided by 62 O.S.1951 § 204. These funds will be referred to as "Flood Control Rentals."

The defendants, in making an estimate of plaintiff districts' "Minimum Program Income" for the year involved under 70 O.S. 1951 § 18–4, subdivision 2, included therein 90% of the amounts received by the respective districts for the preceding year from "Flood Control Rentals." They contend that they were required to so include the item by par. i., which provides as follows:

"i. And all other revenue * * * which can legally be estimated by the county excise board * * * except * * * Federal reimbursements for approved vocational programs."

■ This court has held in State ex rel. Boards of Education of Independent School Districts No. I–2 and No. I–3 of Marshall County, Oklahoma v. State Board of Education, Okl., 289 P.2d 653, that "Flood Control Rentals" are proper items of revenue to be included in "Minimum Program Income" under provisions of 70 O.S.1951 § 18–4, subdivision 2, par. i.

But it is asserted by the plaintiffs that at the time the State Board of Education made the estimate of "Minimum Program Income" the State Treasurer had received from the Federal Government all of the funds which would be distributed to the school districts for the year involved, and the exact amounts which the respective districts would receive was or should have been known by the State Board. They contend, therefore, that the State Board was not authorized to estimate 90% of the previous year's revenue from that source when it should have known that such estimate would exceed the actual receipts for the current year, and they claim they are entitled to an adjustment to the extent that the estimate exceeded the actual receipts.

■ The evidence shows that on November 19, 1952, there was on deposit with the State Treasurer the sum of $9,508.98 from Flood Control Rentals for the benefit of Wagoner County. It is not shown by any evidence what amount was received or should have been received of this sum by the respective school districts of Wagoner County. There was no evidence to show what amounts were received for the benefit of the school districts of Osage and Le Flore Counties on the date such amounts were deposited with the State Treasurer. The court cannot determine those amounts from the evidence introduced. Therefore, even if the defendants were in error in the method employed in computing the "Minimum Program Income" of plaintiff school districts, it cannot be determined from the evidence what amounts plaintiffs received less than they were entitled of State Equalization Aid.

■ We are unable to issue a writ of mandamus requiring a reapportionment of State Equalization Aid without facts which would enable us to include in the order the amounts that should be reappropriated to the respective school districts.

Judgment affirmed.

JOHNSON, C. J., and WELCH, CORN, DAVISON, HALLEY and HUNT, JJ., concur.

WILLIAMS, V. C. J., and BLACKBIRD, J., dissent.