STATE of Oklahoma, ex rel. jointly and severally, The BOARD OF EDUCATION OF INDEPENDENT SCHOOL DISTRICT NO. 16 (LE FLORE) OF LE FLORE COUNTY et al., Plaintiffs in Error,

v.

The STATE BOARD OF EDUCATION of the State of Oklahoma et al., Defendants in Error.

No. 36620.

Supreme Court of Oklahoma.

Feb. 14, 1956.

584

Mastin Geschwind, Oklahoma City, for plaintiffs in error.

Mac Q. Williamson, Atty. Gen., J. H. Johnson, Asst. Atty. Gen., for defendants in error.

JACKSON, Justice.

From an adverse judgment wherein plaintiffs sought a peremptory writ of man-damus against the State Board of Education et al., plaintiffs appeal. The parties will be referred to as they appeared in the trial court.

This case arises out of the administration of the minimum school program as set forth in 70 O.S.1951 § 18-4 et seq.

Plaintiffs are school districts in the county of Le Flore where is located a Federal forest reserve which is contiguous to said districts. In years past these districts have shared in funds returned by the Federal Government to this state under the provisions of an Act of Congress and set forth in 16 U.S.C.A. § 500, and as provided by 62 O.S.1951 § 326.

For each of the fiscal years involved, ending June 30, 1952 and June 30, 1953, the defendants included as income an estimate of the amount of these Federal reserve rentals in computing "Minimum Program Income" of the various plaintiff school districts under the terms of 70 O.S.1951 § 18-4, subd. 2, par. i, thus reducing, by the amount of such income, the apportionment of State Aid to the respective districts under the "minimum school program."

■■ The sole issue raised on this appeal is whether such revenue, or an estimate thereof, is to be included and charged against the school districts as part of their minimum program income.

This Court has heretofore considered this question as applied to Federal " 'Flood Control Rentals' " in State ex rel. Boards of Education of Independent School Districts No. 1-2 and No. 1-3 of Marshall County v. State Board of Education, Okl., 289 P.2d 653, 655, wherein it was held that, under the provisions of 70 O.S.1951 § 18-4, subd. 2, par. i, as enacted and in force applicable to the years involved here, it was proper to include " 'Flood Control Rentals' " in "Minimum Program Income." It was therein observed that the statute provided for inclusion in "Minimum Program Income" all other revenue of the school districts which can be legally estimated, except " 'surplus cash and taxes in the process of collection, State Aid for Special Educational Program and Federal reimbursements for approved vocational programs.' "

It is our opinion that for the same reasons as set forth in said case, it is proper to include in "Minimum Program Income" that revenue which is received from Forest reserve rentals, there being nothing in the applicable statutes to justify a different rule as between the two sources of income.

Finding no error, the judgment of the lower court is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, HALLEY and HUNT, JJ., concur.